IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVANGELIA DEVETZI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 20-cv-4598 |
| | ) |
| TOYOTA MOTOR NORTH AMERICA, | ) |
| INC., a corporation; and TOYOTA MOTOR | ) |
| SALES, U.S.A., INC., a corporation; | ) |
| | ) |
| Defendants. | ) |

NOTICE OF REMOVAL

PLEASE TAKE NOTICE pursuant to 28 U.S.C. § 1446, Defendants, TOYOTA MOTOR NORTH AMERICA, INC. ("TMNA") and TOYOTA MOTOR SALES, U.S.A., INC. ("TMS"), by its attorneys, O'Hagan Meyer, LLC, hereby removed this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. As grounds for removal, Defendants state as follows:

**I.  INTRODUCTION:**

1. On June 12, 2020, Plaintiff, Evangelia Devetzi ("Plaintiff") commenced this action by filing a complaint in the Circuit Court of Cook County, Illinois, under the same caption as above and bearing case number 2020 L 006204 (the "Complaint"). A copy of the Complaint is attached as Exhibit A.

2. The Complaint arises out of a motor vehicle accident on April 6, 2019, when the seat of Plaintiff's motor vehicle allegedly detached. See Exhibit A, ¶ 10. During the accident, Plaintiff was riding in a car on Army Trail Road at or about its intersection with Gladstone Drive, in the Village of Glendale Heights, County of DuPage, State of Illinois. See Exhibit A, ¶ 6.

3. On June 17, 2020, Defendants received service of the Complaint via process server. A copy of the proof of service upon Defendant, TMNA is attached as <u>Exhibit B</u>; a copy of the proof of service upon Defendant, TMS is attached as <u>Exhibit C</u>.

4. On July 10, 2020, Defendants received first notice from Plaintiff's counsel that the amount in controversy will exceed $75,000. A list of Plaintiff's medical bills provided by Plaintiff's counsel, is attached as <u>Exhibit D</u>.

**II. PROCEDURAL REQUIREMENTS**

5. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446, because it is filed within thirty (30) days of Defendants' notice that the amount in controversy exceeds $75,000. If the amount in controversy is ambiguous from the face of the complaint, the defendant can wait longer than 30 days because the 30-day federal removal clock does not start until the plaintiff admits the amount exceeds the jurisdictional requirement. *RBC Mortgage v. Couch*, No. 03 C3030, 2003 WL 21780960 (N.D. Ill. July 31, 2003).

6. No prior application for the same or similar relief has been made to this or any other court.

7. Venue is proper. Pursuant to 28 U.S.C. § 1441 et seq., this cause may be removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, as the action is pending within this district.

8. After filing, Defendants will promptly serve written notice of this Notice of Removal on counsel for Plaintiff and file the same with the Clerk of the Circuit Court of Cook County, Illinois, in accordance with 28 U.S.C. § 1446(d).

### III. BASIS FOR REMOVAL

9. Removal is proper pursuant to 28 U.S.C. § 1332, because this case involves a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

#### A. Complete Diversity Exits

10. An individual's citizenship for diversity purposes is based upon where the individual was domiciled at the time the action arose. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

11. A corporation is a citizen of every state in which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332. A corporation's principal place of business is the corporation's "nerve center," which, typically, is the corporation's main headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010).

12. Plaintiff was an Illinois citizen both at the time of the filing of the Complaint and upon the filing of the Notice of Removal. Upon information and belief, Plaintiff resided in Carol Stream, Illinois at the time the Complaint was filed, and continues to reside there currently.

13. Defendant TMNA is a California corporation with its principal place of business located in Plano, Texas. TMS is a California Corporation, with its principal place of business in Plano, Texas.

14. Neither TMNA nor TMS were Illinois citizens at the time the Complaint or Notice of Removal was filed.

#### B. The Amount in Controversy Exceeds $75,000

15. A court will generally determine the amount in controversy "by merely looking at plaintiff's state court complaint, along with the record as a whole." *Hasek v. Chrysler Corp.*, 1996

WL 48602, at *2 (N. D. Ill. Feb. 5, 1996) (citing *Gould v. Artisoft, Inc.*, 1 F. 3d 544, 547 (7th Cir. 1993), and *In re Shell Oil Co.*, 970 F. 2d 355, 356 (7th Cir. 1992) (per curiam)).

16. Plaintiff's Complaint states that Plaintiff suffered temporary and permanent disabling injuries and is seeking an amount in excess of the jurisdictional requirements of the Court. *See* Exhibit A, ¶ 11.

17. Further, on July 16, 2020, Plaintiff's counsel informed Defendants that Plaintiff's medical bills to date total $157,992.44. *See* Exhibit D.

18. Therefore, the amount in controversy exceeds $75,000.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants TOYOTA MOTOR NORTH AMERICA, INC. and TOYOTA MOTOR SALES, U.S.A., INC., hereby remove the above-captioned action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, and for any other relief deemed necessary.

Dated: August 5th 2020

Respectfully Submitted:

By:_____
Counsel for Toyota Motor Sales, U.S.A., Inc. and Toyota Motor North America, Inc.

Denean K. Sturino, Esq.
O'HAGAN MEYER LLC
One East Wacker Drive, Suite 3400
Chicago Illinois 60601
T - 312.422.6100
F - 312.422.6110
dsturino@ohaganmeyer.com
Firm ID # 60938

## CERTIFICATE OF SERVICE

This is to certify that on the 5th day of August 2020, I electronically filed the foregoing Notice of Removal, with the Clerk of Court using the CM/ECF system, and further served such document by electronic mail upon counsel for Plaintiff, Dean J. Caras, at the following addresses:

    Dean J. Caras
    320 W. Illinois St., Ste. 2312
    Chicago, Illinois 60604
    Email: dean.caras@deancaras.com

Respectfully Submitted:

By: _____
    Counsel for Toyota Motor Sales, U.S.A.,
    Inc. and Toyota Motor North America, Inc.

Denean K. Sturino
O'HAGAN MEYER LLC
One East Wacker Drive, Suite 3400
Chicago Illinois 60601
T - 312.422.6100
F - 312.422.6110
dsturino@ohaganmeyer.com
Firm ID # 60938