Attorney No. 16980

STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

FILED
6/10/2020 11:10 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L006204

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| EVANGELIA DEVETZI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| TOYOTA MOTOR NORTH AMERICA, ) | |
| INC., a corporation; and TOYOTA MOTOR ) | |
| SALES, U.S.A., INC., a corporation; ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, EVANGELIA DEVETZI, by and through her attorney, Dean J. Caras, and complaining of Defendants, TOYOTA MOTOR NORTH AMERICA, INC. ("TOYOTA NORTH AMERICA"), a corporation; and TOYOTA MOTOR SALES, U.S.A., INC. ("TOYOTA SALES"), a corporation; states as follows:

## COUNT I: STRICT PRODUCTS LIABILITY AGAINST TOYOTA NORTH AMERICA

1. Plaintiff is a resident of the state of Illinois.

2. Defendant, TOYOTA NORTH AMERICA, a corporation incorporated to do business in the state of California, does business in the City of Chicago, County of Cook, State of Illinois.

3. On April 6, 2019, and for a long time prior to that date, Defendant, TOYOTA NORTH AMERICA, was engaged in the business of designing and manufacturing

1



motor vehicles for sale to members of the general public, including motor vehicles of the model name Yaris.

4. Prior to April 6, 2019, Defendant, TOYOTA NORTH AMERICA, manufactured a 2010 Toyota Yaris for ultimate sale to members of the general public, including Plaintiff herein.

5. Prior to April 6, 2019, Plaintiff's spouse, Haralampos Karaidos, purchased a 2010 Toyota Yaris with vehicle identification number (VIN) JTDKT4K34A5318318 ("Plaintiff's motor vehicle").

6. On April 6, 2019, Plaintiff's daughter, Maria Karaindrou, was driving Plaintiff's motor vehicle, in which Plaintiff was the passenger, on Army Trail Road at or about its intersection with Gladstone Drive, in the Village of Glendale Heights, County of DuPage, State of Illinois.

7. At the time and place previously mentioned, Plaintiff was involved in a motor vehicle collision in which Plaintiff's motor vehicle was struck on its rear end.

8. At the time Plaintiff's motor vehicle was manufactured by and left the control of Defendant, TOYOTA NORTH AMERICA, the motor vehicle was in a condition that was unreasonably dangerous, defective, and unsafe in that:

   a. Plaintiff's motor vehicle was not reasonably safe for its reasonably foreseeable use, in that the seats of the motor vehicle were not adequately or sufficiently secured to its floor to withstand the impact of a motor vehicle accident without becoming detached from the floor of the motor vehicle;

   b. Plaintiff's motor vehicle was uncrashworthy in that a collision with a vehicle was likely and liable to cause its seats to become detached and cause injury to persons inside the motor vehicle;

   c. There were no adequate warnings as to the dangers of Plaintiff's motor vehicle, in particular the danger of the seats of said vehicle becoming detached from its floor in the event of an automobile accident; and

2

      d. Plaintiff's motor vehicle was otherwise unreasonably dangerous, defective, and unsafe.

9. One or more of these defects existed when Plaintiff's motor vehicle left Defendant TOYOTA NORTH AMERICA's control, making Plaintiff's motor vehicle unreasonably dangerous because it failed to perform in the manner reasonably to be expected in light of Plaintiff's motor vehicle's nature and intended function and/or because the magnitude of the dangers outweighed the utility of Plaintiff's motor vehicle.

10. As a direct and proximate result of the condition of Plaintiff's motor vehicle as aforesaid, the seats of Plaintiff's motor vehicle detached upon the rear-end impact of the motor vehicle accident on April 6, 2019, causing injuries to Plaintiff.

11. By reason of the premises and as a direct and proximate result of the aforesaid condition of Plaintiff's motor vehicle, Plaintiff was caused to suffer temporary and permanent disabling injuries by reason of which Plaintiff has expended and incurred obligations of medical expenses and care and will in the future expend and incur such further obligations; Plaintiff has been and will be prevented from attending to her usual affairs and duties and has lost and will continue to lose great gains Plaintiff would otherwise have made and acquired, and has lost wages; Plaintiff has been and will continue to be subject to great pain and suffering.

WHEREFORE, Plaintiff, EVANGELIA DEVETZI, asks for judgment against Defendant, TOYOTA MOTOR NORTH AMERICA, INC., in an amount in excess of the jurisdictional requirements of this Court plus costs, and for any such other relief this Honorable Court deems just and proper.

## COUNT II: NEGLIGENCE AGAINST TOYOTA NORTH AMERICA

12. Plaintiff restates and realleges all prior paragraphs as though fully stated herein.

13. Defendant, TOYOTA NORTH AMERICA, had a duty to design, manufacture, sell, and/or distribute motor vehicles that were safe and would not cause harm to foreseeable users, including Plaintiff herein.

14. At the time Defendant, TOYOTA NORTH AMERICA, manufactured Plaintiff's motor vehicle and said motor vehicle left Defendant TOYOTA NORTH AMERICA's control, Defendant, TOYOTA NORTH AMERICA, carelessly and negligently:

    a. Designed, manufactured, and/or distributed for ultimate sale a motor vehicle that was not reasonably safe for its reasonably foreseeable use and imposed an unreasonable risk of harm on the ultimate user, in particular Plaintiff herein, in that the seats of Plaintiff's motor vehicle were not adequately or sufficiently secured to its floor to withstand the impact of a motor vehicle accident without becoming detached from the floor of said motor vehicle;

    b. Designed, manufactured, and/or distributed for ultimate sale a motor vehicle that was uncrashworthy in that a collision with a vehicle was likely and liable to cause its seats to become detached and cause injury to persons inside the motor vehicle, in particular Plaintiff herein;

    c. Failed to provide adequate warnings as to the dangers of Plaintiff's motor vehicle, in particular the danger of the seats of said vehicle becoming detached from the floor of said vehicle in the event of an automobile accident;

    d. Failed to furnish adequate devices to secure the parts of Plaintiff's motor vehicle, in particular the connection between the seats and the floor of said vehicle, so that they would not come apart while in operation; and

    e. Was otherwise careless and negligent.

15. As a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions of Defendant, TOYOTA NORTH AMERICA, the seats of Plaintiff's motor vehicle detached upon the rear-end impact of the motor vehicle accident on April 6, 2019, causing injuries to Plaintiff.

4

16. By reason of the premises and as a direct and proximate result of the foregoing careless and negligent acts and/or omissions of Defendant, TOYOTA NORTH AMERICA, Plaintiff was caused to suffer temporary and permanent disabling injuries by reason of which Plaintiff has expended and incurred obligations of medical expenses and care and will in the future expend and incur such further obligations; Plaintiff has been and will be prevented from attending to her usual affairs and duties and has lost and will continue to lose great gains Plaintiff would otherwise have made and acquired, and has lost wages; Plaintiff has been and will continue to be subject to great pain and suffering.

WHEREFORE, Plaintiff, EVANGELIA DEVETZI, asks for judgment against Defendant, TOYOTA MOTOR NORTH AMERICA, INC., in an amount in excess of the jurisdictional requirements of this Court plus costs, and for any such other relief this Honorable Court deems just and proper.

## COUNT III: STRICT PRODUCTS LIABILITY AGAINST TOYOTA SALES

17. Plaintiff restates and realleges all prior paragraphs as though fully stated herein.
18. Defendant, TOYOTA SALES, a corporation incorporated to do business in the state of California, does business in the City of Chicago, County of Cook, State of Illinois.
19. On April 6, 2019, and for a long time prior to that date, Defendant, TOYOTA SALES, was engaged in the business of sales, marketing, and distribution of motor vehicles for sale to members of the general public, including motor vehicles of the model name Yaris.
20. Prior to April 6, 2019, Defendant, TOYOTA SALES, put the 2010 Toyota Yaris into circulation for sale to members of the general public, including Plaintiff herein.

21. Prior to April 6, 2019, Plaintiff's spouse, Haralampos Karaidos, purchased Plaintiff's motor vehicle, a 2010 Toyota Yaris with vehicle identification number (VIN) JTDKT4K34A5318318

22. On April 6, 2019, Plaintiff's daughter, Maria Karaindrou, was driving Plaintiff's motor vehicle, in which Plaintiff was a passenger, on Army Trail Road at or about its intersection with Gladstone Drive, in the Village of Glendale Heights, County of DuPage, State of Illinois.

23. At the time and place previously mentioned, Plaintiff was involved in a motor vehicle collision in which Plaintiff's motor vehicle was struck on its rear end.

24. At the time Plaintiff's motor vehicle was sold by and left the control of Defendant, TOYOTA SALES, the motor vehicle was in a condition that was unreasonably dangerous, defective, and unsafe in its design and manufacture in that:

    a. Plaintiff's motor vehicle was not reasonably safe for its reasonably foreseeable use, in that the seats of the motor vehicle were not adequately or sufficiently secured to its floor to withstand the impact of a motor vehicle accident without becoming detached from the floor of the motor vehicle;

    b. Plaintiff's motor vehicle was uncrashworthy in that a collision with a vehicle was likely and liable to cause its seats to become detached and cause injury to persons inside the motor vehicle;

    c. There were no adequate warnings as to the dangers of Plaintiff's motor vehicle, in particular the danger of the seats of said vehicle becoming detached from its floor in the event of an automobile accident; and

    d. Plaintiff's motor vehicle was otherwise unreasonably dangerous, defective, and unsafe.

25. One or more of these defects existed when Plaintiff's motor vehicle left Defendant TOYOTA SALES's control, making Plaintiff's motor vehicle unreasonably dangerous because it failed to perform in the manner reasonably to be expected in

light of Plaintiff's motor vehicle's nature and intended function and/or because the magnitude of the dangers outweighed the utility of Plaintiff's motor vehicle.

26. As a direct and proximate result of the condition of Plaintiff's motor vehicle as aforesaid, the seats of Plaintiff's motor vehicle detached upon the rear-end impact of the motor vehicle accident on April 6, 2019, causing injuries to Plaintiff.

27. By reason of the premises and as a direct and proximate result of the aforesaid condition of Plaintiff's motor vehicle, Plaintiff was caused to suffer temporary and permanent disabling injuries by reason of which Plaintiff has expended and incurred obligations of medical expenses and care and will in the future expend and incur such further obligations; Plaintiff has been and will be prevented from attending to her usual affairs and duties and has lost and will continue to lose great gains Plaintiff would otherwise have made and acquired, and has lost wages; Plaintiff has been and will continue to be subject to great pain and suffering.

WHEREFORE, Plaintiff, EVANGELIA DEVETZI, asks for judgment against Defendant, TOYOTA MOTOR SALES, U.S.A., INC., in an amount in excess of the jurisdictional requirements of this Court plus costs, and for any such other relief this Honorable Court deems just and proper.

Respectfully Submitted,

*/s/ Dean J. Caras*
Dean J. Caras

Dean J. Caras
Attorney for Plaintiff
320 W. Illinois St., Ste. 2312
Chicago, IL 60654
(312) 494-1500
dean.caras@deancaras.com